JAMES MILLER MARINE SERVICES, INC., Appellant, v MTW CHECK CASHING CORP. et al., Respondents. [790 NYS2d 716]—

In an action, inter alia, to recover damages for negligent payment of forged checks, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Lebowitz, J.), dated November 7, 2003, as granted that branch of the motion of the defendant MTW Check Cashing Corp. which was for summary judgment dismissing the complaint insofar as asserted against it and the separate motion of the defendant Staten Island Savings Bank, now known as SI Bank & Trust, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted that branch of the motion of the defendant MTW Check Cashing Corp. (hereinafter

MTW) which was for summary judgment dismissing the complaint insofar as asserted against it and the separate motion of the defendant Staten Island Savings Bank, now known as SI Bank & Trust (hereinafter SISB), for summary judgment dismissing the complaint insofar as asserted against it. The respondents made a prima facie showing of entitlement to judgment as a matter of law (*see* CPLR 3212; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact.

Even if MTW or SISB owed a duty to the plaintiff based on the payment of the subject checks (*see* UCC 3-405 [1] [c]), the "fictitious payee rule," bars any claim alleging negligence against MTW or SISB since the indorsements on the subject checks were effective and there was no evidence of bad faith on the part of either MTW or SISB in cashing or honoring them (*see* UCC 3-405 [1] [b]; *Guardian Life Ins. Co. of Am. v Chemical Bank*, 94 NY2d 418 [2000]; *Getty Petroleum Corp. v American Express Travel Related Servs. Co.*, 90 NY2d 322 [1997]).

Moreover, SISB established, prima facie, that the plaintiff failed to reconcile its monthly account statements for eight months, well beyond the 14 days provided in UCC 4-406 (2). In opposition, the plaintiff failed to raise a triable issue of fact that its eight-month delay in discovering the forgery scheme was reasonable (*see* UCC 4-406 [2]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Adams, Goldstein and Spolzino, JJ., concur.